UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES PETERSON, | ) |
| Plaintiff | ) |
| vs. | ) CAUSE NO. 2:07-CV-251 RM |
| RESURGENT CAPITAL SERVICES, LP, ALEGIS GROUP LLC, and LVNV FUNDING, LLC, | ) |
| Defendants | ) |

## OPINION and ORDER

The claims of this class action relate to mailers the defendants sent out to induce customers to refinance old debt by offering a new credit card to which the debt would be transferred. The mailer envelopes were stamped "preapproved." Some recipients of those mailers filed suit in August 2007, alleging that by including extraneous messages on the outside of the envelope, the defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(8). On October 21, 2008, the parties submitted a joint motion for preliminary approval of the terms of their settlement agreement. The court granted preliminary approval on November 5, and the defendants sent notices to class members per the terms of the agreement. A fairness hearing was held on February 9, 2009, and on February 13, the court entered the Final Approval Order submitted by the parties.

This cause is now before the court on the plaintiffs' motion, filed April 9, to compensate and/or exclude certain class members. The plaintiffs ask the court

to order the defendants to send additional notices to certain class members who received the wrong notice and to other class members who paid or settled their debt in full during the notice period. According to the plaintiffs, the defendants should forward to each member of the first group – 990 people who initially received the wrong notice – a notice of class settlement claim form, and send members of the second group – 187 people who reduced their debt to $0.00 during the notice period – an additional notice and claim form advising them that they are now eligible for a cash payment of $12.50. The plaintiffs also ask that the defendants be required to file a document with the court identifying each individual in the second group.

The defendants explain in response that the parties have resolved the issue relating to the first group: the defendants will mail a second notice to each of the 990 individuals who received the wrong notice and afford those individuals forty-five days to return their claim form. The plaintiffs acknowledge in their reply that the parties agree with respect to this first group of individuals. The defendants further respond that they believe no action as to the second group of individuals is needed and, in fact, the action sought by the plaintiffs is specifically excluded by paragraph 12 of the settlement agreement, which provides that "[a]ll determinations as to which category a class member belongs to . . . will be made as of the envelope mailing date." The defendants contend the 187 individuals in the second group received the proper notice since, at the relevant time, they had a balance on their debt that qualified them for a credit to their account. The

defendants maintain the fact that those individuals paid off their debts before credits could be issued can't be used to amend the terms of the agreement negotiated by the parties.

The settlement agreement, which the parties represented was entered into following arms-length negotiations and review and analysis by counsel of the legal and factual issues presented,[1] contained the terms agreed upon by the parties, including the classes of plaintiffs, the relief afforded to members of each of those classes, the additional relief to be awarded to the named plaintiff, deadlines for response by class members, and payment by the defendants of attorney fees, notice costs, and other related matters. Under the terms of the Final Approval Order, the defendants were given thirty-five days to submit a Notice of Compliance demonstrating that "they have complied with the terms of the Class Settlement Agreement and all class members have been issued the credits or checks as provided therein."[2] The plaintiffs argue that the defendants haven't complied with that final requirement because not "all" class members have received a credit or a check.

The court can't agree. The Final Approval Order requires that checks or credits be issued to class members "as provided" in the settlement agreement, and the settlement agreement provides that whether a class member was to receive a check or a credit was to be determined "as of the envelope mailing date." Class

---

[1] *See* Joint Motion for Preliminary Approval of Class Action Settlement [docket # 47], ¶ 4.

[2] *See* Final Approval Order [docket # 68], ¶ 12.

3

Settlement Agree., ¶ 12. The plaintiffs point to no provision allowing individuals to be re-categorized at a later time if their circumstances change or containing the parties' agreement that amendment to the document would be necessary if circumstances of certain individuals change. The parties' disagreement about whether the debt payments at issue were voluntary or not doesn't change the agreed-upon terms of the settlement agreement.

The plaintiffs' motion to compensate and/or exclude certain class members [docket # 69] is GRANTED in part and DENIED in part as follows:

    (a) the motion is GRANTED insofar as it seeks to enforce the parties' agreement that the defendants will send notice to the 990 individuals who initially received the wrong notice; and

    (b) the motion is DENIED insofar as it seeks to require the defendants to identify and send additional notices to individuals who paid their debt during the notice period.

SO ORDERED.

ENTERED:   May 6, 2009

    /s/ Robert L. Miller, Jr.
    Chief Judge
    United States District Court